IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

|  |  |
|---|---|
| IN RE:<br><br>AMR ELRAHIMY,<br><br>  Debtor.<br>  <br>  <br>STEVEN GREENFELD, Chapter 7 Trustee,<br><br>  Plaintiff,<br><br>  vs.<br><br>AMR ELRAHIMY,<br>P. O. Box 745<br>Clarksburg, MD 20871<br><br>  Defendant | Case No. 23-11097-LSS<br>Chapter 7<br><br><br><br><br><br><br><br>Adv. Proc. No _____ |

**COMPLAINT FOR TURNOVER**

COMES NOW, Steven Greenfeld, the Chapter 7 trustee ("Trustee") for the bankruptcy estate of Amr Elrahimy ("Debtor"), by and through counsel, McNamee Hosea, P.A., and files his Complaint for Turnover Pursuant to 11 U.S.C. §§ 542, 549, and 550, and in support thereof, states as follows:

**PARTIES AND JURISDICTION**

1. This Adversary Proceeding arises from the Chapter 7 Bankruptcy Case of Amr Elrahimy ("Debtor"), Case No. 23-11097-LSS, which is currently pending in this Court.

2. The Debtor filed for Chapter 7 bankruptcy on February 20, 2023 (the "Petition Date").

3. Steven Greenfeld is the bankruptcy trustee of the Debtor's Chapter 7 estate.

4. At the time of the bankruptcy filing, the Debtor was the owner of a car trailer ("Vehicle") which he valued at $8,0000,00 in the schedules filed herein.

5. After the Petition Date, the Debtor sold the Vehicle for $16,000.00.

6. The Debtor has not turned over any funds from the sale of the Vehicle.

### COUNT I – Turnover of Proceeds Pursuant to 11 U.S.C. § 542

7. Plaintiff incorporates paragraphs 1-6 by reference.

8. The Debtor's interest in the Vehicle was property of the estate pursuant to 11 U.S.C. § 541(a).

9. The proceeds ("Proceeds") of the sale of the Vehicle are property of the estate.

10. The Proceeds are not of inconsequential Value.

WHEREFORE, Plaintiff requests that judgment be entered ordering the turnover of the Proceeds.

### COUNT II– Avoidance of Transfer Pursuant to 11 U.S.C. § 549(a)

11. Plaintiff incorporates paragraphs 1-6 by reference.

12. The Debtor's interest of the Vehicle was property of the estate pursuant to 11 U.S.C. § 541(a).

13. The proceeds ("Proceeds") of the sale of Debtor's interest in the Vehicle were property of the estate.

14. The Debtor transferred the Proceeds to himself (the "Transfer").

15. The Transfer was made following the Petition Date.

16. The Transfer was not authorized by the Bankruptcy Code or the Bankruptcy Court.

17. The payment of the Proceeds to Defendant were an unauthorized post-petition transfer of property of the Debtor's estate recoverable under 11 U.S.C. § 549.

WHEREFORE, Plaintiff requests that judgment be entered avoiding the Transfer pursuant to 11 U.S.C. § 549(a)(2)(B).

### COUNT III – Judgment for Value of Proceeds Pursuant to 11 U.S.C. § 550(a)

18. Plaintiff incorporates the paragraphs above by reference.

19. Defendant is the initial transferee of the Proceeds.

20. Defendant is liable to the Plaintiff for the value of Proceeds and the Transfer pursuant to 11 U.S.C. § 550.

WHEREFORE, the Trustee requests that the Court enter judgment in the amount of $16,000.00 against Defendant pursuant to 11 U.S.C. § 550, plus costs and grant such other relief as it deems appropriate and proper.

Dated: February 15, 2025                Respectfully submitted

/s/ Justin P. Fasano
Justin P. Fasano (Bar No. 28659)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
Tel: 301-441-2420
jfasano@mhlawyers.com
*Counsel for Plaintiff*